Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 05-37223 (LMW) |
| | ) | | |
| CHRISTOPHER K. BEDARD, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| DANIELLE TOCE, | ) | ADV. PRO. NO. | 06-3064 (LMW) |
| | ) | | |
| PLAINTIFF | ) | DOC. I.D. NO. | 1 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| CHRISTOPHER K. BEDARD, | ) | | |
| | ) | | |
| DEFENDANT. | ) | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

Joel M. Grafstein, Esq.                    Attorney for the Plaintiff
Grafstein & Associates
P. O. Box 1035
10 Melrose Drive
Farmington, CT 06034-1035

Christopher K. Bedard                    Chapter 7 Debtor, *Pro Se*
72 Smokerise Circle
Prospect, CT 06712-1063

**SUPPLEMENTAL BRIEF MEMORANDUM OF LAW RE:**
**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on June 7, 2007, the court issued that certain Memorandum of Partial Decision

and Order Scheduling Continued Hearing Re: Complaint Objecting to Dischargeability of Debt (Doc.

I.D. No. 27, the "Prior Memorandum"). Familiarity with the Prior Memorandum is assumed and any capitalized term used but undefined herein shall have the meaning ascribed to the same in the Prior Memorandum;

**WHEREAS,** in the Prior Memorandum the court concluded that the Judgment Obligations (including the 45/55 Allocation) were personal obligations of the Debtor and were discharged in the chapter 7 case pursuant to Bankruptcy Code § 523(a)(15)(B). However, the court raised the issue (the "Issue") of what effect such discharge would have on the pendency of the Appeal in light of Bankruptcy Code § 524(a)(1). Accordingly, the court withheld judgment pending the continued hearing (the "Continued Hearing") ordered in the Prior Memorandum;

**WHEREAS,** in the Appeal the Debtor appealed the state court's determination of the Judgment Obligations (including the 45/55 Allocation in the Plaintiff's favor);

**WHEREAS,** 11 U.S.C. § 524(a) provides in relevant part:

(a) A discharge in a case under this title–
    (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title . . . .

11 U.S.C.A. § 524 (West 2005);

**WHEREAS,** the Continued Hearing was convened as scheduled on June 27, 2007. The Debtor[1] and counsel for the Plaintiff appeared. The Trustee participated telephonically and took the position that his interests were not involved;

**WHEREAS,** at the Continued Hearing the Debtor stated his intention to pursue the Appeal in state court with a view towards (among other things) overturning the 45/55 Allocation and leaving the Plaintiff with *no* interest in the former marital home;

---

[1] The Debtor is *pro se* in this adversary proceeding.

**WHEREAS,** at the Continued Hearing the court announced its tentative conclusion (the "Tentative Conclusion") that the Judgment (in all relevant respects) was "void" as to the Judgment Obligations pursuant to Section 524(a)(1) and, thus, was not amenable to the Appeal. Accordingly, the court reasoned, the Appeal no longer could be prosecuted by the Debtor. The court noted the novelty of the Issue;

**WHEREAS,** on June 28, 2007, the court issued that certain Order Preserving Opportunity For Briefing and Delaying Entry of Judgment (Doc. I.D. No. 29). Therein, the court allowed the Debtor until July 13, 2007 to cause his state-court appellate attorney to file an appearance (an "Appearance") in this case on the Debtor's behalf to contest the Issue. The court stated that failure to file such Appearance would cause the court to enter a judgment in accordance with the Tentative Conclusion;

**WHEREAS,** no such Appearance was filed on behalf of the Debtor;

**WHEREAS,** the court reaffirms its Tentative Conclusion that Section 524(a)(1) "voids" the Judgment as to the Judgment Obligations, thereby leaving nothing for the Debtor to appeal and precluding the Debtor from pursuing the Appeal;[2]

---

[2] The court's ruling here is not a sanction against the Debtor. The Debtor opposed the Tentative Conclusion but is unskilled in law and unable to assist the court with respect to the novel Issue. The court was looking to the Debtor's appellate attorney to point out the flaws (if any) in the court's reasoning. Receiving no such assistance and unaware of any such flaws, the court here proceeds on the Tentative Conclusion.

**NOW, THEREFORE**, it is hereby **ORDERED** that a judgment will enter in accordance with the Tentative Conclusion and otherwise consistent with the Prior Memorandum.

Dated: July 26, 2007                                                                BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge